UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| R. ALEC NEVILLE,<br>M.D., heir to estates, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV613-049 |
| | ) | |
| JOSIAH NEVILLE,<br>Estate Administrator, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On April 29, 2013, the Clerk sent *pro se* plaintiff R. Alec Neville a filing fee deficiency notice explaining that he had failed to comply with the Court's Disclosure Statement requirement set forth in Local Rule 7.1.1. Doc. 3. The docket reflects that a service copy of the notice was mailed to Neville at the jail address he provided. The notice was returned as undeliverable on May 15, 2013. Doc. 4 (return to sender envelope bearing this message: "Released").

Petitioner has neglected to provide the Court with a current mailing address. Local Rule 11.1 places a continuing duty on *pro se* litigants to keep the Court apprised of their current address. Without a

litigant's current mailing address, the Court cannot move the case forward or even communicate with petitioner.

A court has the power to prune from its docket those cases that amount to no more than mere deadwood. Accordingly, Neville's complaint should be **DISMISSED** without prejudice for his failure to prosecute this action. S.D. Ga. LR 41(b); see *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, No. CV491-277 (S.D. Ga. June 10, 1992).

**SO REPORTED AND RECOMMENDED** this 21st day of May, 2013.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA